UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA   :

       v.   :   NO. 3:98CR-10(EBB)

DOUGLAS OLSON   :

RULING ON MOTION TO ENFORCE JUDGMENT,
OR IN THE ALTERNATIVE, MOTION TO
<u>REOPEN JUDGMENT TO INCLUDE THIRD PARTY VICTIM</u>

On June 18, 1998, this court sentenced defendant, Douglas Olson, following his plea of guilty to violations of 18 U.S.C. § 1006, unlawfully participating in the proceeds of a bank loan, and 18 U.S.C. § 1007, making a false statement to the Federal Deposit Insurance Corporation, imposing, inter alia, an order that defendant pay restitution to Essex Savings Bank, the sole victim identified in the plea agreement and the presentence report, in the amount of $227,494.  Defendant paid the restitution in full on December 9, 1998.

On April 25, 2005, John T. O'Reilly filed the pending motion purportedly pursuant to 18 U.S.C. Sections 3555 and 3663, alleging that he was a victim of defendant's offense.  Section 3555 authorizes the court, in imposing sentence on a defendant who has been found guilty of an offense involving fraud or intentional deceptive practices, to require notice and an explanation of the conviction to be given to victims of the offense.  Section 3663 authorizes the court, when sentencing a defendant, to order restitution to any victim of the offense. In this case the judgment has been satisfied and neither section

authorizes the court, seven years after sentence has been imposed, to reopen the judgment to add another victim.[1]

Movant and others have previously sued both the Essex Savings Bank and defendant Olson in Connecticut Superior Court with respect to certain properties, including the Jasper Hills development.  In that litigation, summary judgment was granted defendants on statutes of limitations grounds. <u>Navin, et al</u> <u>v.</u> <u>Essex Savings Bank, et al</u>, 82 Conn. App. 255 (2004)  The court understands movant's frustration with the disposition of his litigation but, whatever may be the merits of his claim, no relief is available to him on this motion.

The motion [Dec. No. 24] is denied.

                       SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this \_\_\_\_ day of June, 2005.

---

[1] The restitution ordered included a loss of $30,000 in connection with a $300,000 loan involving a development called Jasper Hills which movant claims is his.